**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>R&L CARRIERS, INC., et al.<br><br>Defendants. | Civil Action No. 1:22-cv-00601-JPH<br><br>Judge Jeffrey P. Hopkins<br><br>Jury Demand Endorsed Hereon |

**ANSWER AND DEFENSES OF DEFENDANTS R & L CARRIERS, INC., GREENWOOD MOTOR LINES, INC., AND R.L.R. INVESTMENTS, LLC TO THE STATE'S COMPLAINT**

For their Answer to Plaintiff State of Ohio, ex. rel.'s ("State of Ohio" or "the State") Complaint, Defendants R & L Carriers, Inc., Greenwood Motor Lines, Inc., and R.L.R. Investments, LLC (collectively "Defendants") state as follows:

1. In response to Paragraph 1 of the Complaint, Defendants admits that The United States of America, purporting to act on behalf of United States Environmental Protection Agency ("USEPA") filed a Complaint against Defendants. USEPA's Complaint speaks for itself and deny any allegations inconsistent therewith.

2. In response to Paragraph 2 of the Complaint, Defendants state that USEPA's Complaint speaks for itself and deny any allegations inconsistent therewith.

3. In response to Paragraph 3 of the Complaint, Defendants state that USEPA's Complaint speaks for itself and deny any allegations inconsistent therewith.

4. In response to Paragraph 4 of the Complaint, Defendants state that USEPA's Complaint speaks for itself and deny any allegations inconsistent therewith.

5. In response to Paragraph 5 of the Complaint, Defendants state that USEPA's Complaint speaks for itself and deny any allegations inconsistent therewith.

6. In response to Paragraph 6 of the Complaint, Defendants state that USEPA's Complaint speaks for itself and deny any allegations inconsistent therewith.

## JURISDICTION, VENUE AND AUTHORITY

7. The allegations contained in Paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 7.

8. The allegations contained in Paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper in this District.

9. The allegations contained in Paragraph 9 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 9.

## PARTIES

10. In response to the allegations contained in Paragraph 10 of the Complaint, Defendants admit only that the United States of America purports to act on behalf of USEPA and that USEPA is the federal agency that has overseen the cleanup efforts at R&L's Wilmington, Ohio facility after the March 5, 2022 diesel fuel spill (the "Wilmington Spill"). The remaining allegations contained in Paragraph 10 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 10 of the Complaint and, therefore, deny them.

11. In response to the allegations contained in Paragraph 11 of the Complaint, Defendants deny the allegation that R&L Carriers, Inc. is a motor freight carrier with operations throughout the United States. Defendants admit the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of the Compliant.

14. Defendants admit the allegations contained in Paragraph 14 of the Compliant.

15. Defendants admit the allegations contained in Paragraph 15 of the Compliant.

16. Defendants admit the allegations contained in Paragraph 16 of the Compliant.

17. Defendants deny the allegations contained in Paragraph 17 of the Compliant.

**PLAINTIFFS IN INTERVENTION**

18. In response to Paragraph 18 of the Complaint, Defendants admit that the State of Ohio, purporting to act on behalf of the Ohio Environmental Protection Agency ("Ohio EPA"), filed an action against Defendants in the Court of Common Pleas for Clinton County, Ohio. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 18 and, therefore, deny them.

19. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 19 and, therefore, deny them.

**BASIS FOR INTERVENTION**

20. The allegations contained in Paragraph 20 of the Complaint are legal conclusions to which no response is required.

21. The allegations contained in Paragraph 21 of the Complaint are legal conclusions to which no response is required.

22. The allegations contained in Paragraph 22 of the Complaint are legal conclusions to which no response is required.

23. The allegations contained in Paragraph 23 of the Complaint are legal conclusions to which no response is required.

24. The allegations contained in Paragraph 24 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the United States filed a complaint against them seeking civil penalties and injunctive relief for alleged violations of the Clean Water Act. Defendants deny the remaining allegations of Paragraph 24.

25. The allegations contained in Paragraph 25 of the Complaint are legal conclusions to which no response is required.

26. In response to the allegations contained in Paragraph 26 of the Complaint, Defendants admit that the State's Motion to Intervene was timely.

27. The allegations contained in Paragraph 27 of the Complaint are legal conclusions to which no response is required.

## GENERAL ALLEGATIONS

28. In response to the allegations contained in Paragraph 28, Defendants admit only that the Wilmington Facility is a trucking and shipping terminal that contains an oil storage and dispensing facility, which includes a one-million gallon diesel fuel storage tank. Defendants deny the remaining allegations contained in Paragraph 28.

29. The allegations contained in Paragraph 29 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 29.

30. The allegations contained in Paragraph 30 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.04(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

31. The allegations contained in Paragraph 31 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.01(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

32. The allegations contained in Paragraph 32 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.01(H) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

33. The allegations contained in Paragraph 33 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.01(C) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

34. The allegations contained in Paragraph 34 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.01(D) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

35. The allegations contained in Paragraph 35 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required,

Defendants state that Ohio Adm. Code 3745-38-02(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

36. The allegations contained in Paragraph 36 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Ohio Adm. Code 3745-38-01(I) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

37. The allegations contained in Paragraph 37 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Ohio Adm. Code 3745-38-01(R) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

38. The allegations contained in Paragraph 38 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Ohio Adm. Code 3745-38-01(Q) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

39. The allegations contained in Paragraph 39 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Ohio Adm. Code 3745-38-01(T) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

40. The allegations contained in Paragraph 40 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.03(J)(1) and 33 U.S.C. 1342(p) speak for themselves and deny any allegations that are inconsistent with the terms thereof.

41. The allegations contained in Paragraph 41 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Ohio Administrative Code 3745-38-02 and -03 speak for themselves and deny any allegations that are inconsistent with the terms thereof.

42. Defendants admit the allegations contained in Paragraph 42 of the Complaint regarding the MSGP issued on May 18, 2022. Defendants deny the remaining allegations contained in Paragraph 43 of the Complaint

43. Defendants admit only that Greenwood Motor Lines, Inc. dba R&L Carriers Inc. is the named permittee on the MSGP for the Wilmington, Ohio facility located at 600 Gillam Rod., Wilmington, Ohio. Defendants deny any remaining or inconsistent allegations contained in Paragraph 43 of the Complaint.

44. The allegations contained in Paragraph 44 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Ohio Administrative Code 3745-38-02(C) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

45. The allegations contained in Paragraph 45 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Ohio Administrative Code 3745-38-01(K) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

46. In response to the allegations contained in Paragraph 46 of the Complaint, Defendants state that on June 27, 2018, Ohio EPA issued Permit No. 1GR01126*FG to Greenwood Motor Lines Inc. dba R&L Carriers Inc. with an effective date of July 1, 2018. Defendants deny the remaining allegations in Paragraph 46.

47. The allegations contained in Paragraph 47 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Part 1.3.1 of the MSGP speaks for itself and deny any allegations that are inconsistent with the terms thereof.

48. Defendants admit the allegations contained in Paragraph 48 of the Complaint generally describe the components of a SWPPP.

49. In response to the allegations contained in Paragraph 49 of the Complaint, Defendants admit that they developed a SWPPP for the Wilmington facility and that Ohio EPA's May 31, 2022 letter reports that the facility's SWPPP was being revised/updated. Defendants deny the remaining allegations in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. The allegations contained in Paragraph 51 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.03(J)(1) and 33 U.S.C. 1342(p) speak for themselves and deny any allegations that are inconsistent with the terms thereof.

52. The allegations contained in Paragraph 52 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Ohio Administrative Code 3745-38-02 and -03 speak for themselves and deny any allegations that are inconsistent with the terms thereof.

53. Defendants admit the allegations contained in Paragraph 53 of the Complaint.

54. In response to the allegations contained in Paragraph 54 of the Complaint, Defendants admit that they submitted an NOI on or about November 22, 2021. The NOI speaks for itself and Defendants deny any allegations inconsistent therewith.

55. The allegations contained in Paragraph 55 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Part III.G.2.d.i. of the Construction Storm Water Permit speaks for itself and deny any allegations that are inconsistent with the terms thereof.

56. The allegations contained in Paragraph 56 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Part III.G.1.d. of the Construction Storm Water Permit speaks for itself and deny any allegations that are inconsistent with the terms thereof.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. The allegations contained in Paragraph 58 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Ohio Administrative Code 3745-1-04 speaks for itself and deny any allegations that are inconsistent with the terms thereof.

59. The allegations contained in Paragraph 59 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.07 speaks for itself and deny any allegations that are inconsistent with the terms thereof.

60. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 60 of the Complaint and, therefore, deny them.

61. Defendants reassert their objections and responses to the foregoing Paragraphs.

62. The allegations contained in Paragraph 62 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required,

Defendants state that Revised Code Section 6111.03(J)(1) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

63. The allegations contained in Paragraph 63 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.01(G) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

64. The allegations contained in Paragraph 64 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.01(F) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

65. Defendants admit that the Wilmington facility contains oil/water separator units. Defendants deny the remaining allegations contained in Paragraph 65.

66. The allegations contained in Paragraph 66 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 66.

67. The allegations contained in Paragraph 67 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Ohio Administrative Code 3745-42-02 speaks for itself and deny any allegations that are inconsistent with the terms thereof.

68. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraph 68 of the Complaint and, therefore, deny them.

69. Defendants reassert their objections and responses to the foregoing Paragraphs.

**<u>FIRST CLAIM FOR RELIEF</u>**
**Water Pollution – Failure To Prevent Spills, Leaks, and Other Releases Of Pollutants**

70. The allegations contained in Paragraph 70 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.07(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

71. The allegations contained in Paragraph 71 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.04(C) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

72. The allegations contained in Paragraph 72 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Part 2.1.2.3 of the MSGP speaks for itself and deny any allegations that are inconsistent with the terms thereof.

73. The allegations contained in Paragraph 73 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Part 2.1.2.4 of the MSGP speaks for itself and deny any allegations that are inconsistent with the terms thereof.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

**<u>SECOND CLAIM FOR RELIEF</u>**
**Water Pollution – Failure To Meet Water Quality Standards Of The Multi-Sector General Permit**

76. The allegations contained in Paragraph 76 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required,

Defendants state that Revised Code Section 6111.07(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

77. The allegations contained in Paragraph 77 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.04(C) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

## THIRD CLAIM FOR RELIEF
## Water Pollution – Failure To Prevent The Discharge Of Pollutants To Waters Of The State

80. The allegations contained in Paragraph 80 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.07(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

81. The allegations contained in Paragraph 81 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.04(C) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

82. The allegations contained in Paragraph 82 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Part 1.1.4.1 of the MSGP speaks for itself and deny any allegations that are inconsistent with the terms thereof.

83. The allegations contained in Paragraph 83 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required,

Defendants state that Part 2.1 of the MSGP speaks for itself and deny any allegations that are inconsistent with the terms thereof.

84. The allegations contained in Paragraph 84 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Part 2.1.2.1 of the MSGP speaks for itself and deny any allegations that are inconsistent with the terms thereof.

85. The allegations contained in Paragraph 85 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Part 2.1.2.5 of the MSGP speaks for itself and deny any allegations that are inconsistent with the terms thereof.

86. In response to the allegations contained in Paragraph 86 of the Complaint Defendants admit only that Ohio EPA visited the Wilmington Facility on or about March 5, 2022. Defendants lack knowledge or information regarding what Ohio EPA staff observed and, therefore, deny those allegations. Defendants deny the remaining allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**Water Pollution – Unauthorized Discharge – Diesel Fuel Release**

89. The allegations contained in Paragraph 89 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.07(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

90. The allegations contained in Paragraph 90 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.04(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

91. Defendants admit that on or about March 5, 2022, diesel fuel was released from an aboveground storage tank at the Wilmington facility. Defendants deny the remaining allegations contained in Paragraph 91 of the Complaint.

92. In response to the allegations contained in Paragraph 92 of the Complaint, Defendants admit that some diesel fuel was discharged into Dutch Creek in March 2022. Defendants deny the remaining allegations contained in Paragraph 92 of the Complaint.

93. The allegations contained in Paragraph 93 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.01(H) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

94. The allegations contained in Paragraph 94 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.01(C) and (D) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96. The allegations contained in Paragraph 96 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**Water Pollution – Unauthorized Discharge – Oil/Water Separator And Truck Wash Water Reclaim System**

98. The allegations contained in Paragraph 98 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.07(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

99. The allegations contained in Paragraph 99 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.04(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

**SIXTH CLAIM FOR RELIEF**
**Water Pollution – Unauthorized Construction of il/Water Separator and Truck Was Water Reclaim System**

102. The allegations contained in Paragraph 102 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.07(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

**SEVENTH CLAIM FOR RELIEF**
**Water Pollution – State Law Bypass Violations**

105. The allegations contained in Paragraph 105 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required,

Defendants state that Revised Code Section 6111.07(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

106. The allegations contained in Paragraph 106 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.04(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

107. The allegations contained in Paragraph 107 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. The allegations contained in Paragraph 108 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of the Complaint.

**EIGHTH CLAIM FOR RELIEF**
**Water Pollution – Failure to Revise The SWPPP**

110. The allegations contained in Paragraph 110 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.07(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

111. The allegations contained in Paragraph 111 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Part 3.1 of the MSGP speaks for itself and deny any allegations that are inconsistent with the terms thereof.

112. The allegations contained in Paragraph 112 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Part 3.2 of the MSGP speaks for itself and deny any allegations that are inconsistent with the terms thereof.

113. The allegations contained in Paragraph 113 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Part 5.2 of the MSGP speaks for itself and deny any allegations that are inconsistent with the terms thereof.

114. Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115. Defendants deny the allegations contained in Paragraph 115 of the Complaint.

## NINTH CLAIM FOR RELIEF
### Water Pollution – Failure To Prevent The Discharge Of Other Wastes

116. The allegations contained in Paragraph 116 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.07(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

117. The allegations contained in Paragraph 117 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Part 2.1.2.11 of the MSGP speaks for itself and deny any allegations that are inconsistent with the terms thereof.

118. In response to the allegations contained in Paragraph 118 of the Complaint Defendants admit only that Ohio EPA visited the Wilmington Facility on or about March 5, 2022. Defendants lack knowledge or information regarding what Ohio EPA staff observed and, therefore, deny those allegations. The remaining allegations are legal conclusions to which no

response is required. To the extent a response is required, Defendants deny the allegations contained therein.

119. Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120. Defendants deny the allegations contained in Paragraph 120 of the Complaint.

**TENTH CLAIM FOR RELIEF**
**Water Pollution – Failure To Minimize The Exposure Of Other Wastes To Precipitation Events**

121. The allegations contained in Paragraph 121 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.07(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

122. The allegations contained in Paragraph 122 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Part 2.1.2.1 of the MSGP speaks for itself and deny any allegations that are inconsistent with the terms thereof

123. In response to the allegations contained in Paragraph 123 of the Complaint Defendants admit only that Ohio EPA visited the Wilmington Facility on or about March 5, 2022. Defendants lack knowledge or information regarding what Ohio EPA staff observed and, therefore, deny those allegations. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained therein.

124. Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in Paragraph 125 of the Complaint.

## ELEVENTH CLAIM FOR RELIEF
**Failure to Properly Install Sedimentation Pond**

126. The allegations contained in Paragraph 126 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.07(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

127. In response to the allegations contained in Paragraph 127 of the Complaint, Defendants admit that they were issued a Construction General Permit. The terms of the permit speak for themselves and Defendants deny any allegations that are inconsistent with the terms thereof.

128. The allegations contained in Paragraph 128 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Part III.G.2.d.i. of the Construction Storm Water Permit speaks for itself and deny any allegations that are inconsistent with the terms thereof.

129. In response to the allegations contained in Paragraph 129 of the Complaint Defendants admit only that Ohio EPA visited the Wilmington Facility on or about May 5, 2022. Defendants lack knowledge or information regarding what Ohio EPA staff observed and, therefore, deny those allegations. Defendants deny the remaining allegations contained in Paragraph 129 of the Complaint.

130. In response to the allegations contained in Paragraph 130 of the Complaint Defendants admit only that Ohio EPA sent a letter to R&L on or about May 31, 2022 regarding Ohio EPA's NPDES inspection of the Wilmington facility and state that the correspondence speaks for itself and deny any allegations inconsistent therewith. Defendants deny the remaining allegations contained in Paragraph 130 of the Complaint.

131. Defendants deny the allegations contained in Paragraph 131 of the Complaint.

**TWELFTH CLAIM FOR RELIEF**
**Water Pollution – Failure to Provide Sufficient SWPPP**

132. The allegations contained in Paragraph 132 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 6111.07(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

133. The allegations contained in Paragraph 133 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Part III.G.1. of the Construction General Permit speaks for itself and deny any allegations that are inconsistent with the terms thereof.

134. In response to the allegations contained in Paragraph 134 of the Complaint Defendants admit only that Ohio EPA visited the Wilmington Facility on or about May 5, 2022. Defendants lack knowledge or information regarding what Ohio EPA staff observed and, therefore, deny those allegations. Defendants deny the remaining allegations contained in Paragraph 134 of the Complaint.

135. In response to the allegations contained in Paragraph 135 of the Complaint Defendants admit only that Ohio EPA sent a letter to R&L on or about May 31, 2022 regarding Ohio EPA's NPDES inspection of the Wilmington facility and state that the correspondence speaks for itself and deny any allegations inconsistent therewith. Defendants deny the remaining allegations contained in Paragraph 135 of the Complaint.

136. Defendants deny the allegations contained in Paragraph 136 of the Complaint.

**THIRTEENTH CLAIM FOR RELIEF**
**Prohibition Against Open Dumping**

137. The allegations contained in Paragraph 137 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 3734.11(A) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

138. The allegations contained in Paragraph 138 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 3734.03 speaks for itself and deny any allegations that are inconsistent with the terms thereof

139. The allegations contained in Paragraph 139 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants deny the allegations contained therein.

140. The allegations contained in Paragraph 140 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 3734.01(N) and Ohio Administrative Code 3745-27-01(S)(25) speak for themselves and deny any allegations that are inconsistent with the terms thereof.

141. The allegations contained in Paragraph 141 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 3734.01(I) and Ohio Administrative Code 3745-27-01(O)(4) speak for themselves and deny any allegations that are inconsistent with the terms thereof.

142. The allegations contained in Paragraph 142 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Revised Code Section 3734.01(E) and Ohio Administrative Code 3745-27-01(S)(24) speak for themselves and deny any allegations that are inconsistent with the terms thereof.

143. The allegations contained in Paragraph 143 of the Complaint do not contain any factual assertions to which a response is required. To the extent a response is required, Defendants state that Ohio Administrative Code 3745-27-05(C) speaks for itself and deny any allegations that are inconsistent with the terms thereof.

144. Defendants deny the allegations contained in Paragraph 144 of the Complaint.

145. Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146. Defendants deny each and every allegation contained in the Complaint unless specifically admitted herein as true, including the allegations in the unnumbered "THEREFORE" clause in the Prayer for Relief following Paragraph 145.

## FIRST DEFENSE

147. The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

148. The State's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, estoppel, consent, license, and/or laches.

## THIRD DEFENSE

149. The State has not suffered any damages attributable to, or caused by, Defendants.

## FOURTH DEFENSE

150. That State's claims fail to the extent any of the Defendants are not the owner or operator of the facility.

**FIFTH DEFENSE**

151. The State has failed to join parties in whose absence complete relief cannot be accorded among existing parties.

**SIXTH DEFENSE**

152. The State's causes of action are barred, in whole or in part, to the extent that the alleged damages were proximately caused by persons or entities other than Defendants, including intervening and/or superseding acts or omissions.

**SEVENTH DEFENSE**

153. At all relevant times, Defendants complied with all applicable environmental laws, regulations, industry standards, and ordinances, and otherwise conducted themselves reasonably, prudently, in good faith, and with due care for the rights, safety, and property of others.

**EIGHTH DEFENSE**

154. The State's claims are barred, in whole or in part, because Defendants exercised due care with respect to their activities and took reasonable precautions against foreseeable acts or omissions of others.

**NINTH DEFENSE**

155. The State's claims are barred, in whole or in part, to the extent that the State's claims or the relief sought are inconsistent with the applicable state or federal regulatory schemes.

**TENTH DEFENSE**

156. The State's claims are barred, in whole or in part, because they are based on vague, ambiguous and/or confusing laws or regulations, the enforcement of which would violate Defendants' due process rights.

**ELEVENTH DEFENSE**

157. The State's claims are barred, in whole or in part, because Defendants have not caused or contributed to any endangerment to health or the environment.

**TWELFTH DEFENSE**

158. The State's claims are barred, in whole or in part, because Defendants are not causing or contributing to any endangerment to health or the environment.

**THIRTEENTH DEFENSE**

159. The State's claims are barred, in whole or in part, to the extent they are based on interpretive guidance documents rather than promulgated rules.

**FOURTEENTH DEFENSE**

160. The State's claims are barred, in whole or in part, because they are based on the State's arbitrary, unreasonable, and unlawful interpretation of laws and regulations.

**FIFTEENTH DEFENSE**

161. The State's claims are barred, in whole or in part, because the State has exceeded its authority under R.C. 6111 and 3734 and the rules promulgated thereunder.

**SIXTEENTH DEFENSE**

162. The Court lacks jurisdiction over the subject matter of this action.

**SEVENTEENTH DEFENSE**

163. Plaintiff lacks standing to assert claims against Defendants.

**EIGHTEENTH DEFENSE**

164. The discharge of oil alleged in the Complaint was not into or upon any waters of the United States.

**NINETEENTH DEFENSE**

165. Enforcing the CWA in the manner sought by Plaintiff would violate the Commerce Clause of the United States Constitution.

**TWENTIETH DEFENSE**

166. The State's claims are barred, in whole or in part, to the extent the State alleges multiple, overlapping causes of action and prayers for relief that would result in double recovery for the same injury.

**TWENTY-FIRST DEFENSE**

167. Defendants intend to rely on all applicable defenses under R.C. Chapters 6111 and 3734, and the rules promulgated thereunder.

**TWENTY-SECOND DEFENSE**

168. The State's claims are barred by the applicable statute of limitations.

**TWENTY-THIRD DEFENSE**

169. The State's claims are barred, in whole or part, to the extent federal, state or local authorities authorized, ratified or were aware of and acquiesced to the actions by Defendants that are subject of the Complaint.

**TWENTY-FOURTH DEFENSE**

170. Defendants reserve the right to assert any additional defenses as become known during the course of discovery in this case.

Dated: June 3, 2024

Respectfully submitted,

*Anthony C. White*
Anthony C. White (0062146)
Primarily Responsible Attorney
Stephanie M. Chmiel (0087555)
THOMPSON HINE LLP
41 S. High Street, Ste. 1700
Columbus, Ohio 43215-6101
Phone: (614) 469-3200
Fax: (614) 469-3361
Tony.White@ThompsonHine.com
Stephanie.Chmiel@ThompsonHine.com

Andrew L. Kolesar (0067927)
THOMPSON HINE LLP
312 Walnut Street, Suite 2000
Cincinnati, Ohio 45202
Phone: (513) 352-6700
Fax: (513) 241-4771
Andrew.Kolesar@ThompsonHine.com

William J. Hubbard (0077033)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
Phone: (216) 566-5500
Fax: (216) 566-5800
Bill.Hubbard@ThompsonHine.com

*Attorneys for Defendants R & L Carriers, Inc. Greenwood Motor Lines, Inc. and R.L.R. Investments, LLC*

## JURY DEMAND

R&L hereby demands a trial by jury on all issues in the Complaint .

*Anthony C. White*
Anthony C. White (0062146)

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2024, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties in the case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Anthony C. White*
Anthony C. White

*Attorney for Defendants R & L Carriers, R.L.R. Investments, LLC, and Greenwood Motor Lines, Inc.*