# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STATE OF WEST VIRGINIA, *et al*.,<br><br>*Plaintiffs*,<br><br>CASS COUNTY FARM BUREAU, *et al*.,<br><br>*Plaintiff-Intervenors*<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al*.,<br><br>*Defendants*,<br><br>CHICKALOON VILLAGE TRADITIONAL COUNCIL, *et al*.,<br><br>*Defendant-Intervenors*. | ) | No. 3:23-cv-32-DLH-ARS<br><br>Hon. Daniel L. Hovland |

**DEFENDANTS' MOTION TO STAY CASE**

Defendants respectfully move this Court to stay the case, with Defendants to submit status reports every 60 days. Defendants seek this relief to allow additional time to brief new leadership regarding the issues raised in this case. Counsel for Defendants has conferred with all parties to this case. The Business Intervenors and the Tribal Intervenors take no position on the motion. The State Plaintiffs oppose the motion.

In support of this motion, the Defendants state as follows:

1. Plaintiffs challenge the Clean Water Act ("CWA") definitional regulations jointly issued in 2023 by the U.S. Environmental Protection Agency and the U.S. Army Corps of Engineers (collectively, the "Agencies"). *See* 33 C.F.R. § 328.3(a)(4), (c)(2) (Corps); 40 C.F.R. § 120.2(a)(4), (c)(2) (EPA); *see also* Revised Definition of "Waters of the United States," 88

Fed. Reg. 3004 (Jan. 18, 2023); Revised Definition of "Waters of the United States"; Conforming, 88 Fed. Reg. 61964 (Sept. 8, 2023). ECF Nos. 175-176 (Amended Complaints). The district court has stayed the regulations as to Plaintiff States. *See* Apr. 12, 2023 Order Granting Preliminary Injunction, ECF No. 131. Summary judgment briefing is complete. *See* ECF Nos. 198-201, 207-210, 215, 218, 221, 222, 233-235.

2. The Agencies seek to stay the case due to the federal government's change in administration on January 20, 2025. There is new leadership in both Agencies. Those incoming leaders are in the process of familiarizing themselves with the issues presented in this case and related litigation. A stay would allow Defendants time to fully brief incoming leaders. The Court's authority to order such an abeyance is well-settled. *See Landis v. North Am. Co*., 299 U.S. 248, 253 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Requests to continue proceedings to allow time for new leaders to become familiar with cases under their authority are customary. *See Brady Campaign to Prevent Gun Violence v. Salazar*, 612 F. Supp. 2d 1, 10 (D.D.C. 2009) (noting that an extension of a preliminary injunction briefing schedule was granted after a change in administration).

3. Granting Defendants' requested relief would conserve judicial resources and promote the efficient and orderly disposition of this case, including by ensuring that any oral argument before this Court will reflect the views of current agency leadership. Other plaintiffs have challenged the regulations in other cases, which are pending, and two courts have already stayed litigation due to the change in agency leadership. *See Texas et al v. EPA et al*, Case No. 2:23-cv-17 (S.D. Tex.), ECF. No 136 (staying case indefinitely, with a status-report requirement

every 60 days); *White v. EPA*, Case No. 2:24-cv-13 (E.D.N.C.), ECF. No 70 (staying case for 75 days). In addition, the Agencies have requested similar relief in other pending cases. *See*, *e.g.*, *Kentucky v. EPA*, Case No. 3:23-cv-7 (E.D. Ky.), ECF No. 89.

4. Holding the present challenge in abeyance will also preserve the status quo, in which the Rule is presently enjoined as to the 24 States who are parties to this lawsuit. ECF No. 131.

For all these reasons, the Agencies request that the Court grant a stay the case, with status reports due every 60 days.

Respectfully submitted,

LISA L. RUSSELL
Deputy Assistant Attorney General
ENVIRONMENT AND NATURAL
RESOURCES DIVISION

*<u>/s/ Elliot Higgins</u>*
ANDREW J. DOYLE, FL Bar No. 84948
SONYA J. SHEA, CA Bar No. 305917
SARAH IZFAR, DC Bar No. 1017796
ELLIOT HIGGINS, NY Bar No. 5737903
JIN HYUNG LEE, DC Bar No. 198095
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Tel: (415) 744-6469 (Doyle)
Tel: (303) 844-7231 (Shea)
Tel: (202) 305-0490 (Izfar)
Tel: (202) 514-3144 (Higgins)
Tel: (202) 514-2640 (J. Lee)
Fax: (202) 514-8865
andrew.doyle@usdoj.gov
sonya.shea@usdoj.gov
sarah.izfar@usdoj.gov
elliot.higgins@usdoj.gov
jin.hyung.lee@usdoj.gov

*Of Counsel:*
Karyn I. Wendelowski
Elise O'Dea
Environmental Protection Agency

Daniel Inkelas
Erica Zilioli
U.S. Army Corps of Engineers

**CERTIFICATE OF SERVICE**

I hereby certify that on February 4, 2025, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

/s/ *Elliot Higgins*